**Benjamin MARTINEZ–GARCIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70530.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Dario Aguirre, Esq., Aguirre Law Group A.P.C., San Diego, CA, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Benjamin Martinez–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision pretermitting his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We review for abuse of discretion the denial of a motion to continue. *Barapind v. Reno,* 225 F.3d 1100, 1113 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's determination that Martinez–Garcia did not meet the continuous physical presence requirement where the record shows he departed the United States on October 19, 1998 and returned on February 12, 1999. *See* 8 U.S.C. § 1229b(d)(2) (departure of greater than 90 days breaks continuous physical presence).

Martinez–Garcia contends the IJ violated due process by declining to hear him testify about his departure to Mexico. However, Martinez–Garcia made no showing that the absence of this testimony may have affected the outcome of the proceed-

ings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

The IJ did not abuse his discretion in denying a continuance where Martinez–Garcia did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a motion for continuance for good cause shown).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

